### SAMUEL P. TOWNSEND *vs.* LEVI GIBBS & others.

Under *St.* 1852, *c.* 312, § 63, if the party interrogated lives out of the common-
wealth, it is nevertheless his duty to answer the interrogatories in like man-
ner as if he resided here. It is not the duty of the adverse party to take out
a commission to take his testimony.

IN this action, *Mellen,* J. in the court of common pleas, re-
fused to nonsuit the plaintiff upon the defendants' motion,
for not filing answers to interrogatories in ten days under *St.*
1852, *c.* 312, § 63, on the ground that the plaintiff not being
an inhabitant of this commonwealth, it was the duty of the
defendants to take out a commission to take the answers of
the plaintiff to their interrogatories.    To this ruling the
defendants excepted.

*J. Branning,* for the defendants.

*I. Sumner,* for the plaintiff.

MERRICK, J.    The disallowance of the defendants' motion
to enter a nonsuit in the action was placed by the presiding
judge in the court of common pleas, upon the special ground,
that the plaintiff, being a resident of another state, was not
required, under our statute, to answer the interrogatories pro-
posed to him, until the defendants caused a commission to
be issued, upon and under which his answers might be taken.
But the 61st section of the *St.* 1852, *c.* 312, which authorizes
any plaintiff or defendant in a civil action to propose in-
terrogatories for the discovery of facts or documents to
the adverse party, makes no distinction between persons
residing within or without the state.    Nor does the 63d sec-
tion, which requires such interrogatories to be answered, dis-
criminate between them.    But all parties are alike required to
answer upon the same common terms and conditions.    In the
*St.* of 1851, *c.* 233, of which the *St.* of 1852, *c.* 312, is a re-
enactment, with considerable changes and modifications, there
was a discrimination, and a different course of proceeding was
prescribed.    It was there provided, that if the party to whom
interrogatories were proposed, did not reside within this com-

Townsend *v*. Gibbs & others.

monwealth, he should not be required to answer without a special order of the court or some justice thereof. And that where an order to examine a party out of the commonwealth should be so made, a commission might issue, having the interrogatories answered, and authorizing any person or officer named in it to take the signature and oath to the answers. All these special provisions in relation to parties resident without the commonwealth, were wholly omitted in the *St.* of 1852, which it is well known was substituted after a careful legislative revision, for that of 1851, affording thereby a manifest implication of the intention of the legislature to place all parties interrogated, wherever their residence might be, upon the same footing, under the same obligations, and exposed to the same responsibilities for neglect. Yet under the *St.* 1851, it was held, in the case of *Sheldon* v. *Kendall*, ante, 74, that the defendant having filed interrogatories to be answered by the plaintiff, the latter, though a resident of the state of New York, was required to take out a commission for the purpose of verifying his own answers. It seems, therefore, quite certain that the construction put upon the provisions of the statute now in force by the presiding judge in the court of common pleas, in the disallowance of the defendants' motion to enter a nonsuit in the action, was erroneous. It was the duty of the plaintiff, upon being duly notified, to answer the interrogatories filed by the defendants, and he had no right to insist that a commission should first be taken out by them. Having neglected to answer, he was exposed to a judgment of nonsuit, which should have been entered, except for satisfactory cause to the contrary shown to the court. If such cause should be shown, by the 63d section, further time may and should be allowed to the party to make his answer. As the disallowance of the defendants' motion proceeded upon a different construction of the provisions of the statute, the court, holding substantially that the plaintiff was not bound to answer at all, unless a commission was first taken out by the defendants, the exceptions must be sustained, and the case remitted to the court of common pleas for further proceedings.

*Exceptions sustained.*